UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROGER DOWNS,
                     **Plaintiff**

v.                                                                    Civil Action No.
                                                                            3:06CV37-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                     **Defendant**

## MEMORANDUM OPINION

      This case presents plaintiff Roger Downs' challenge to the decision of the Commissioner denying his claims to disability insurance benefits and Supplemental Security Income payments. After examining the materials of record the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      Mr. Downs filed his applications in October of 2003, claiming that he had been unable to engage in any substantial gainful employment since June of 2000. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Downs' hypertension, diabetes with peripheral neuropathy, and alcohol abuse were severe impairments which prevented him from performing any of his past relevant work. The ALJ further found that Mr. Downs retained the residual functional capacity for a significant range of light work jobs that exist in significant numbers.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Downs contends that the ALJ erred as a matter of law in rejecting the Residual Capacity Questionnaire submitted by his treating physician, Dr. Stiles. The opinion indicates that Mr. Downs constantly experienced foot pain sufficient to interfere with attention and concentration, that he would need sixteen breaks each day of fifteen minutes each, that he could lift no more than fifteen pounds occasionally, could stand or walk no more than one hour in a work day, could sit a total of two hours in a work day, and had limited grip strength. Tr. 187-192. These limitations are inconsistent with the performance of light work.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p. A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating

physician need not be given controlling weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).

It is undisputed that the form was completed by nurse practitioner Kelly White, who had treated Mr. Downs for three months. Dr. Stiles "signed off on" the assessment two days later at Mr. Downs' counsel's request. Tr. 192, 298. Mr. Downs argues that it was inappropriate for the ALJ to reject the opinion simply because it was prepared by ARNP White. In fact, however, this was not the reason for treating the opinion as of limited usefulness, and the ALJ provided reasoning fully consistent with 20 C.F.R. Section 404.1527(d)(2). That is, the ALJ observed that the limitations described in the opinion were inconsistent with both the treating notes and Mr. Downs' own testimony. The ALJ noted that the treating records did not support the notion of severe and unremitting pain or of need for elevating the feet. Mr. Downs testified that he spent much of the day with his feet propped up, but he did not testify that this was pursuant to medical advice. In a number of ways, the limitations described by ARNP White are inconsistent with Mr. Downs' own testimony: Mr. Downs testified that Dr. Vincent had advised him to walk two miles a day, but that he was only able to walk half a mile, and would then need to stop and rest before walking an additional half mile. Tr. 266. The treating physician's form, however, suggested that Mr. Downs could not even walk a single city block without stopping to rest. Tr. 188. That opinion also stated that the pain in his feet interfered constantly with Mr. Downs' concentration and attention, yet Mr. Downs testified that he drove to visit his mother every day and to the store most days. Tr. 267. The opinion stated that Mr. Downs could not lift

more than 25 pounds (rarely). Tr. 191. Mr. Downs testified that he could lift at least 50 pounds, possibly more. Tr. 269.

The Court concludes that the ALJ committed no legal error in weighing the opinion offered by the treating source. Thus, the question is whether substantial evidence supports the ALJ's decision. The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

Considering the record as a whole, including Mr. Downs' own testimony, the opinions of consultative examiners, and the treating notes, the Court concludes that there was substantial evidence to support the decision of the ALJ. Accordingly, this Court must affirm.